IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELEBRATE INTERNATIONAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No._____ |
| ) | |
| LEAPFROG ENTERPRISES, INC., ) | **JURY TRIAL DEMANDED** |
| TARGET CORPORATION, WAL-MART ) | |
| STORES, INC., AMAZON.COM, INC., ) | |
| and TOYS "R" US, INC. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement by Celebrate International, LLC against LeapFrog Enterprises, Inc., Target Corporation, Wal-Mart Stores, Inc., Amazon.com, Inc., and Toys "R" Us, Inc.

## I. PARTIES

1.      Plaintiff Celebrate International, LLC ("Celebrate") is a Delaware corporation with its principal place of business in Foster City, California.

2.      Defendant LeapFrog Enterprises, Inc. ("LeapFrog") is a Delaware corporation with its principal place of business in Emeryville, California.  LeapFrog has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

3.      Defendant Target Corporation ("Target") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.  Target has not appointed a registered

agent through the Minnesota Secretary of State, but listed 1000 Nicollet Mall, Minneapolis, Minnesota 55403 as its registered office address.

4.    Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  Wal-Mart has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

5.    Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business in Seattle, Washington.  Amazon has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

6.    Defendant Toys "R" Us, Inc. ("Toys "R" Us") is a Delaware corporation with its principal place of business in Wayne, New Jersey.  Toys "R" Us has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

## II.  JURISDICTION AND VENUE

7.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.    Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b).  Defendants have transacted business in this District and have committed and/or induced acts of patent infringement in this District.

9.    This Court has personal jurisdiction over Defendants because the infringing methods, systems, and/or software, as described below, have been and continue to be directed to

or used by consumers in the State of Delaware and this District.  Defendants have committed

acts of infringement in violation of 35 U.S.C. § 271 and directly or indirectly placed these

infringing methods, systems and/or software into the stream of commerce with the knowledge or

understanding that such methods, systems, and/or software are used in this State and this District.

10.     Upon information and belief, Defendants regularly do business and/or solicit

business in Delaware and this District.  Additionally, four of the Defendants are Delaware

corporations.

11.     Celebrate is a Delaware corporation, and Defendants' acts cause injury to

Celebrate within this District.

### III.  FACTUAL BACKGROUND

12.     On July 3, 2001, the United States Patent and Trademark Office ("USPTO")

issued U.S. Patent No. 6,256,398 B1 ("the '398 Patent") entitled "Encoding and Decoding a

Message within an Image" to inventor Kenneth H. P. Chang.  Celebrate is the current assignee of

the '398 Patent.  A true and correct copy of the '398 Patent is attached as **Exhibit A**.

13.     On November 16, 2004, the USPTO issued United States Patent No. 6,819,776

B2 ("the '776 Patent") entitled "Encoding and Decoding a Message within an Image" to inventor

Kenneth H. P. Chang.  Celebrate is the current assignee of the '776 Patent.  A true and correct

copy of the '776 Patent is attached as **Exhibit B**.

14.     The '398 Patent and '776 Patent (together, the "Patents-in-Suit") are valid,

enforceable, and have not expired.

15.     To the extent applicable, Celebrate has at all times complied with 35 U.S.C. §

287.

16.     The instant suit relates to certain LeapFrog products marketed as the LeapReader™ Reading and Writing System, LeapReader™, LeapReader™ Junior, Tag™ Reading System, Tag™, and Tag™ Junior (collectively, the "LeapFrog Products").  These LeapFrog Products can be and are purchased by consumers directly from LeapFrog, including by visiting various websites, including but not limited to www.leapfrog.com or other third-party websites, and are also offered for sale or sold to retailers for ultimate offer for sale or sale to consumers, including by Target, Wal-Mart, Amazon, and Toys "R" Us (together, the "Retail Defendants").  Additionally, the books made by LeapFrog and sold by LeapFrog and the Retail Defendants, as part of the LeapFrog Products, are especially made and/or adapted for use with the digital reader LeapFrog Products.  The claims against each defendant arise out of the same transaction, occurrence, or series of transactions or occurrences, because they arise, at least in part, out of the sale or offer for sale of the same products – the LeapFrog Products.

17.     At a minimum, Defendants have actual notice of its infringement of the Patents-in-Suit by virtue of the filing and service of this Complaint.

### IV.  COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 6,256,398 B1

18.     Celebrate repeats and re-alleges each and every allegation contained in paragraphs 1 through 17 above as though fully stated herein.

19.     Defendant LeapFrog has been and is now directly infringing, and indirectly infringing by way of inducing infringement of, at least claim 20 of the '398 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States by, among other things, making, using, offering to sell, selling, and/or importing products that use or incorporate the digital reader pen, books, and/or technology, including but not limited to one or more of the LeapFrog Products.  These LeapFrog Products can be and are purchased by consumers who visit

various websites, including but not limited to www.leapfrog.com or other third-party websites, and are also offered for sale or sold to retailers for ultimate offer for sale or sale to consumers.

20.     Additionally, and/or in the alternative, LeapFrog has knowingly induced infringement of the '398 Patent with specific intent to do so by its activities relating to the marketing and distribution of its LeapFrog Products and/or products to work with the LeapFrog Products.  LeapFrog is, on information and belief, inducing infringement of at least claim 20 of the '398 Patent by, without limitation, making, using, importing, selling, and/or offering for sale the LeapFrog Products for use by retailers, customers, and others and also providing those retailers, customers, and others with technical support and services, as well as detailed explanations, instructions, and information as to applications and uses of the LeapFrog Products that promote and demonstrate how to use the LeapFrog Products in a manner that would infringe the '398 Patent.

21.     At least as of the date of the filing and service of this Complaint, LeapFrog specifically intended to induce infringement by its retailers, customers, and others by at least the acts set forth above, knowing and/or intending such acts would cause infringement.  Upon information and belief, LeapFrog's retailers, customers, and others have infringed and are continuing to infringe at least claim 20 of the '398 Patent.

22.     Furthermore, and/or in the alternative, at least as of the date of filing and service of this Complaint, LeapFrog possessed intent to contributorily infringe at least claim 20 of the '398 Patent, knowing and/or intending that its digital books were components especially made or adapted for use in infringing the '398 Patent, having no substantial noninfringing use.

23.     Defendant LeapFrog is thus liable for infringement of the '398 Patent pursuant to 35 U.S.C. § 271.  Defendant LeapFrog has written notice of its infringement by virtue of the filing and service of this Complaint.

24.     The Retail Defendants have been and are now directly infringing, and indirectly infringing by way of inducing infringement of, at least claim 20 of the '398 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States by, among other things, making, using, offering to sell, selling, and/or importing products that use or incorporate the digital reader pen, books, and/or technology, including but not limited to one or more LeapFrog Products.  These LeapFrog Products can be and are purchased by consumers at retail stores and/or by consumers who visit various websites, including but not limited to www.target.com, www.wal-mart.com, www.amazon.com, and www.toysrus.com.

25.     Additionally, and/or in the alternative, the Retail Defendants have knowingly induced infringement of the '398 Patent with specific intent to do so by its activities relating to the marketing and distribution of the LeapFrog Products and/or products to work with the LeapFrog Products.  The Retail Defendants are, on information and belief, inducing infringement of at least claim 20 of the '398 Patent by, without limitation, making, using, importing, selling, and/or offering for sale the LeapFrog Products for use by customers and others and also providing those customers and others with technical support and services, as well as detailed explanations, instructions, and information as to applications and uses of the LeapFrog Products that promote and demonstrate how to use the LeapFrog Products in a manner that would infringe the '398 Patent.

26.     At least as of the date of the filing and service of this Complaint, the Retail Defendants specifically intended to induce infringement by their customers and others by at least

the acts set forth above, knowing and/or intending such acts would cause infringement. Upon information and belief, the Retail Defendants' customers and others have infringed and are continuing to infringe at least claim 20 of the '398 Patent.

27. Furthermore, and/or in the alternative, at least as of the date of filing and service of this Complaint, the Retail Defendants possessed intent to contributorily infringe at least claim 20 of the '398 Patent, knowing and/or intending that the digital books made by LeapFrog and sold or offered for sale by the Retail Defendants were components especially made or adapted for use in infringing the '398 Patent, having no substantial noninfringing use.

28. The Retail Defendants are thus liable for infringement of the '398 Patent pursuant to 35 U.S.C. § 271. The Retail Defendants have written notice of their infringement by virtue of the filing and service of this Complaint.

29. To the extent that facts learned in discovery show that Defendants' infringement of the '398 Patent is or has been willful, Celebrate reserves the right to request such a finding at time of trial.

30. As a result of the Defendants' infringement of the '398 Patent, Celebrate has suffered monetary damages in an amount not yet determined.

31. Celebrate will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Celebrate has no adequate remedy at law. As a result of Defendants' infringement, Celebrate is entitled to permanent injunctive relief, restraining and enjoining Defendants and all those in privity with or acting in concert with Defendants from infringing the '398 Patent.

## V.  COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 6,819,776 B2

32.     Celebrate repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 above as though fully stated herein.

33.     Defendant LeapFrog has been and is now directly infringing, and indirectly infringement by way of inducing infringement of, the '776 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States by, among other things, making, using, offering to sell, selling, and/or importing products that use or incorporate the digital reader pen, books, and/or technology, including but not limited to one or more LeapFrog Products.  These LeapFrog Products can be and are purchased by consumers who visit various websites, including but not limited to www.leapfrog.com or other third-party websites, and are also offered for sale or sold to retailers for ultimate offer for sale or sale to consumers.

34.     Additionally, and/or in the alternative, LeapFrog has knowingly induced infringement of the '776 Patent with specific intent to do so by its activities relating to the marketing and distribution of its LeapFrog Products and/or products to work with the LeapFrog Products.  LeapFrog is, on information and belief, inducing infringement of one or more claims of the '776 Patent by, without limitation, making, using, importing, selling, and/or offering for sale the LeapFrog Products for use by retailers, customers, and others and also providing those retailers, customers, and others with technical support and services, as well as detailed explanations, instructions, and information as to applications and uses of the LeapFrog Products that promote and demonstrate how to use the LeapFrog Products in a manner that would infringe the '776 Patent.

35.     At least as of the date of the filing and service of this Complaint, LeapFrog specifically intended to induce infringement by its retailers, customers, and others by at least the

acts set forth above, knowing and/or intending such acts would cause infringement.  Upon information and belief, LeapFrog's retailers, customers, and others have infringed and are continuing to infringe the '776 Patent.

36.     Furthermore, and/or in the alternative, at least as of the date of filing and service of this Complaint, LeapFrog possessed intent to contributorily infringe the '776 Patent, knowing and/or intending that its digital books were components especially made or adapted for use in infringing the '776 Patent, having no substantial noninfringing use.

37.     Defendant LeapFrog is thus liable for infringement of the '776 Patent pursuant to 35 U.S.C. § 271.  Defendant LeapFrog has written notice of its infringement by virtue of the filing and service of this Complaint.

38.     The Retail Defendants have been and are now directly infringing, and indirectly infringing by way of inducing infringement of, the '776 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States by, among other things, making, using, offering to sell, selling, and/or importing products that use or incorporate the digital reader pen, books, and/or technology, including but not limited to one or more LeapFrog Products.  These LeapFrog Products can be and are purchased by consumers at retail stores and/or by consumers who visit various websites, including but not limited to www.target.com, www.wal-mart.com, www.amazon.com, and www.toysrus.com.

39.     Additionally, and/or in the alternative, the Retail Defendants have knowingly induced infringement of the '776 Patent with specific intent to do so by its activities relating to the marketing and distribution of the LeapFrog Products and/or products to work with the LeapFrog Products.  The Retail Defendants are, on information and belief, inducing infringement of one or more claims of the '776 Patent by, without limitation, making, using, importing,

selling, and/or offering for sale the LeapFrog Products for use by customers and others and also providing those customers and others with technical support and services, as well as detailed explanations, instructions, and information as to applications and uses of the LeapFrog Products that promote and demonstrate how to use the LeapFrog Products in a manner that would infringe the '776 Patent.

40.     At least as of the date of the filing and service of this Complaint, the Retail Defendants specifically intended to induce infringement by their customers and others by at least the acts set forth above, knowing and/or intending such acts would cause infringement.  Upon information and belief, the Retail Defendants' customers and others have infringed and are continuing to infringe the '776 Patent.

41.     Furthermore, and/or in the alternative, at least as of the date of filing and service of this Complaint, the Retail Defendants possessed intent to contributorily infringe the '776 Patent, knowing and/or intending that the digital books made by LeapFrog and sold or offered for sale by the Retail Defendants were components especially made or adapted for use in infringing the '776 Patent, having no substantial noninfringing use.

42.     The Retail Defendants are thus liable for infringement of the '776 Patent pursuant to 35 U.S.C. § 271.  The Retail Defendants have written notice of their infringement by virtue of the filing and service of this Complaint.

43.     To the extent that facts learned in discovery show that Defendants' infringement of the '776 Patent is or has been willful, Celebrate reserves the right to request such a finding at time of trial.

44.     As a result of the Defendants' infringement of the '776 Patent, Celebrate has suffered monetary damages in an amount not yet determined.

45.     Celebrate will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Celebrate has no adequate remedy at law.  As a result of Defendants' infringement, Celebrate is entitled to permanent injunctive relief, restraining and enjoining Defendants and all those in privity with or acting in concert with Defendants from infringing the infringement of the '776 Patent.

## VI.  DEMAND FOR JURY TRIAL

46.     Celebrate hereby demands that all issues be determined by jury.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Celebrate prays for relief against Defendants as follows:

(a)     A judgment that Defendants have directly, indirectly, and/or contributorily infringed the '398 Patent;

(b)     A judgment that Defendants have directly, indirectly, and/or contributorily infringed the '776 Patent;

(c)     An order for permanent injunctive relief prohibiting Defendants, their officers, agents, servants, employees, successors, assigns, or all other persons or entities in active concert, participation, or privity with any of the foregoing, from any further acts of infringement of the '398 Patent;

(d)     An order for permanent injunctive relief prohibiting Defendants, their officers, agents, servants, employees, successors, assigns, or all other persons or entities in active concert, participation, or privity with any of the foregoing, from any further acts of infringement of the '776 Patent;

(e)     A judgment and order requiring Defendants to pay Celebrate damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

(f)      A judgment and order requiring Defendants to pay Celebrate the costs of this

action; and

(g) Such other and further relief as the Court deems just and equitable.


OF COUNSEL

**MUNCK WILSON MANDALA, LLP**

Jamil N. Alibhai
Michael C. Wilson
Robert D. McCutcheon
Jennifer Beth Ingram
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600
*jalibhai@munckwilson.com*
*mwilson@munckwilson.com*
*rmccutcheon@munckwilson.com*
*jingram@munckwilson.com*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Monté T. Squire*
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
*apoff@ycst.com*
*msquire@ycst.com*
*swilson@ycst.com*

*Attorneys for Plaintiff Celebrate*
*International, LLC*

Dated: February 26, 2014